Case 2:24-mc-00159   Document 2   Filed on 09/17/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TERRY SOLOMON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | MISC. ACTION NO. 2:24-MC-00159 |
| § | |
| LARRY PAGE, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS**

Plaintiff, Terry Solomon Jr., proceeding *pro se* filed a complaint and application to proceed *in forma pauperis* ("*ifp*") on September 16, 2024. Plaintiff is suing YouTube, BET Networks, Paramount Global and over 60 music performers who post videos on YouTube. He generally alleges the defendants make extraordinary sums of money without Plaintiff's consent and they engage in cyber-bullying of Plaintiff. The undersigned has considered Plaintiff's *ifp* application and it is **GRANTED**. The Clerk of Court is directed to assign a civil action case number to this action and include this Memorandum and Recommendation on the electronic docket of the newly opened case.[1]

---

[1] Pursuant to the practices in the Corpus Christi Division of the Southern District of Texas, applications to proceed *ifp* in civil actions are typically assigned to a magistrate judge for disposition. If the magistrate judge grants the *ifp* action, the case is usually randomly referred to a magistrate judge for case management. The referral magistrate judge may, or may not be, the judge who ruled on the *ifp* application. Usually, the undersigned rules only on the *ifp* motion. However, in this instance, because this case is so devoid of merit, the undersigned cannot in good conscious burden this Court or his colleagues with prolonging the dismissal of this frivolous action. Additionally, the *ifp* statute allows for the dismissal of frivolous actions at "any time." The time is now.

Additionally, for the reasons set forth below, the undersigned respectfully recommends Plaintiff's complaint be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) because it is legally and factually frivolous.

## I.   PLAINTIFF'S ALLEGATIONS

Plaintiff seeks to sue various networks, YouTube, and a long list of music performers generally alleging he is the subject of their successful musical productions, and he is not being compensated. Plaintiff does not explain how he inspired the defendants, why he should be compensated, or under what legal basis he seeks recovery. Plaintiff seeks $1,360,000,000.00 from defendants.

## II.   LEGAL STANDARDS

The undersigned has permitted Plaintiff to proceed *in forma pauperis* ("IFP") and therefore, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status.[2] That section provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous under § 1915 when it is based on an "indisputably meritless legal theory." *Id.* at 327. A court may

---

[2]Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Emp't Opportunity Comm'n,* 301 F.3d 227, 231–33 (5th Cir. 2002)(affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B))

dismiss a complaint as frivolous if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)(quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)(citations omitted).

### III.   ANALYSIS

Plaintiff's claims are both legally and factually frivolous. Plaintiff has not stated an arguable basis in law on which to support his claims. Even assuming the defendant artists wrote songs about Plaintiff, he has not stated any legal basis to raise a plausible claim against them. Plaintiff has stated no viable legal theory of recovery. Further, this case clearly falls into the "fanciful," "fantastic," and "delusional" categories. Plaintiff complains the 60 plus defendants are "getting rich from me." The Court can draw no other inference other than Plaintiff's allegations are delusional. Although these matters are real to Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis. *See e.g. Flores v. United States Attorney General,* 434 Fed. App'x 387, 388 (5th Cir. 2011) (affirming dismissal as frivolous where plaintiff alleged members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the [plaintiff] …"; *Kolocotronis v. Club of Rome,* 109 F.3d 767, 1997 WL 115260, at *1 (5th Cir. 1997) (affirming dismissal of complaint describing government plot

to spread the AIDS virus throughout the world); *Patterson v. U.S. Gov't,* No. 3-08-cv-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint where plaintiff alleged she received messages through the television and was tracked by remote control); *Daniel v. FBI,* No. 3-03-cv-1281-N, 2003 WL 21555130 (N.D. Tex. Jun. 17, 2003) (dismissing complaint that FBI stalked, harassed and tried to poison plaintiff).

## IV.   RECOMMENDATION

It is recommended that Plaintiff's action be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § § 1915(e)(2).

Respectfully recommended on September 17, 2024.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).